TCC:st: 121401

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTONIO B. RAINEY,

        Plaintiff,

vs.                                No.

CITY of CHICAGO, Municipal Corporation
and Body Politic, OFFICER A. ROBINSON #729,
OFFICER A. WEINER #728, UNIVERSITY OF
ILLINOIS AT CHICAGO, and OTHER
UNKNOWN AND AS YET UNIDENTIFIED
POLICE OFFICERS,

        Defendants.         JURY DEMANDED

## COMPLAINT

The Plaintiff, Antonio B. Rainey, by and through his attorney, Thomas C. Crooks, complains of the defendants City of Chicago, A. Robinson, A. Weiner, University of Illinois at Chicago and as yet unknown and unidentified police officers, as follows:

1.    This action seeks damages under federal law, pursuant to 42 U. S.C. § 1983, for acts in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution. This action also seeks damages under Illinois law.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and this Court's supplemental jurisdiction. Venue in this district is predicated on 28 U.S.C. Section 1391 (b).

## PARTIES AND FACTS
## COMMON TO ALL COUNTS

3.    At all times material hereto, the plaintiff, Antonio B. Rainey, is a resident of the County of Cook, State of Illinois, and entitled to be free from malicious conduct by police officers.

4. The City of Chicago is a duly constituted municipal corporation and body politic, located in Cook County, Illinois. Certain unnamed and as yet unidentified police officers who took part in the excessive force described below were employed by the City of Chicago as sworn law enforcement officers.

5. A. Robinson and A. Weiner, at all relevant times hereto, were sworn law enforcement officers employed by the University of Illinois at Chicago as police officers. At all times material hereto these officers were acting under color of state law, though their acts were in violation of state law. They are sued individually.

6. University of Illinois at Chicago (hereinafter "UIC") is a university providing both undergraduate and graduate degrees located in the City of Chicago.

7. On or about August 8, 2010, at approximately 1:50 a.m. plaintiff was walking to a parking garage with friends at the approximate address of 724 West Maxwell Street, Chicago, Illinois.

8. At said time and location defendants Robinson and Weiner and other unidentified police officers attacked and beat plaintiff, tasing plaintiff repeatedly, striking plaintiff in and about the face and eye and otherwise injuring plaintiff. The force used by the defendants was excessive and unreasonable under the circumstances, in violation of the Fourth Amendment to the U.S. Constitution.

## COUNT I--EXCESSIVE FORCE

1-8. Plaintiff incorporates by reference ¶¶ 1 through 8 as if fully set forth here.

9. As a direct and proximate result of defendants' violation of his Fourth Amendment rights, plaintiff endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged. As a result of the excessive force, plaintiff suffered an

orbital fracture of his left eye and numerous cuts and contusions.

10. At all relevant times, defendants' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.

### COUNT II – State law -- Battery

1-8. Plaintiff incorporates by reference ¶¶ 1 through 8 as if fully set forth here.

9. Defendant officers struck and tased plaintiff without provocation or justification.

10. As a direct and proximate result of defendants' actions, plaintiff endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged. As a result of the excessive force, plaintiff suffered an orbital fracture of his left eye and numerous cuts and contusions.

11. At all relevant times, defendant's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and costs.

### COUNT III–745 ILCS 10/9-102–State Law Claim

1-8. Plaintiff incorporates by reference the allegations contained in Counts I through II as if fully set forth here.

9. At all relevant times hereto there existed a certain Illinois statute, to wit, 745 ILCS 10/9-102, which stated in pertinent part:

> A local public entity is empowered and directed to pay any tort judgment or

settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

11. The defendant City of Chicago is required by Illinois law to pay any judgment entered against officers employed by the City of Chicago.

WHEREFORE, plaintiff prays for judgment in his favor and against defendant City of Chicago, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.

s/Thomas C. Crooks
Thomas C. Crooks, Attorney for Plaintiff

RULE 38 JURY DEMAND

Pursuant to Rule 38 the Plaintiffs demand trial by jury for all claims triable by jury.

Thomas C. Crooks
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: 312-641-2260
Facsimile: 312-641-5220